# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

COASTAL SUNBELT PRODUCE, LLC
9001 Whiskey Bottom Road
Laurel, MD 20723

    Plaintiff,

vs.    Case No. 19-cv-749

GREEN PARADISE ENTERPRISES, CORP.
6326 Arlington Blvd
Falls Church, Virginia 22044

Serve on:
Your Choi's, Inc., Registered Agent
4308-I Evergreen Lane
Annandale, VA 22003

    and

GREEN PARADISE, LLC a/t/a New Grand Mart
6326 Arlington Blvd
Falls Church, Virginia 22044

Serve on:
Your Choi's, Inc., Registered Agent
4308-I Evergreen Lane
Annandale, VA 22003

    and

LYDIA LEE
12010 Gatewater Drive
Potomac, Maryland 20854

    and

JUNGHOON SAMUEL KIM
8860 Columbia 100 Parkway
Suite 300
Columbia, Maryland 21043,

1

Defendants.
_____/

# COMPLAINT
## (To Enforce Payment From Produce Trust)

Plaintiff, Coastal Sunbelt Produce, LLC ("Coastal" or "Plaintiff"), for its complaint against Defendants Green Paradise Enterprises, Corp. ("GPE"), Green Paradise, LLC a/t/a New Grand Mart ("New Grand"), Lydia Lee ("Lee"), and Junghoon Samuel Kim ("Kim") (GPE, New Grand, Lee, and Kim are collectively, "Defendants") alleges the following.

### JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499e(b) and 499e(c)(5), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the related breach of contract claims under 28 U.S.C. § 1367.

2. Venue in this District is based on 28 U.S.C. § 1391 in that (a) Plaintiff's claim arose in this District and (b) Defendants reside and/or transact business in this District.

### PARTIES

3. Plaintiff, Coastal, a Maryland corporation with its principal place of business in Laurel, Maryland, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce or contemplation thereof and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA as a dealer. A copy of Coastal's PACA license information is submitted herewith as Exhibit 1.

4.  a.  Defendant GPE, is a Virginia corporation with principal places of business in Falls Church, Virginia and Jessup, Maryland, and is and or was at all relevant times engaged in the business of purchasing wholesale quantities of produce in interstate commerce or contemplation thereof and subject to and licensed under the PACA. A copy of GPE's PACA license information is

submitted herewith as Exhibit 2. Upon information and belief, GPE operates and supplies produce to multiple grocery stores in Virginia and Maryland operating under the trade name New Grant Mart.

   b. Defendant New Grand is a Virginia limited liability company with its principal place of business in Falls Church, Virginia, and is and or was at all relevant times engaged in the business of purchasing wholesale quantities of produce in interstate commerce or contemplation thereof and, having purchased more than $230,000.00 worth of produce in a calendar year, was subject to licensure under the PACA.

   c. Defendant Lee is, upon information and belief, an officer, owner, and/or director of GPE, a member of New Grand, listed as the Report Principal of GPE on its PACA license information, and is and/or was in a position of control over the PACA trust assets belonging to Plaintiff. Defendant Lee also executed personal guarantees for the debts of GPE and New Grand, copies of which are submitted herewith as Exhibit 3.

   d. Defendant Kim is, upon information and belief, an officer, owner, and/or director of GPE, and is and/or was in a position of control over the PACA trust asset belonging to Plaintiff.

## GENERAL ALLEGATIONS

5. This action is brought to obtain declaratory relief and to enforce the trust provision of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6. GPE and New Grand are related entities, operated and controlled by Defendant Lee. Upon information and belief, produce sold and delivered to GPE was distributed to New Grand, and proceeds from the sales of produce at New Grand and GPE were used to pay the debts of the other.

7.	Between July 6, 2018, and February 18, 2019, Plaintiff sold and delivered to Defendants wholesale quantities of produce, which had been shipped or moved in interstate commerce or contemplation thereof, in the aggregate principal amount of $67,876.65 as follows:

| Defendant | Dates of Sales | Amount Due |
|---|---|---|
| GPE | July 6, 2018 – January 19, 2019 | $24,969.65 |
| New Grand | August 16, 2018 – February 18, 2019 | $42,907.00 |

The entire amount remains unpaid. Statements of account for GPE and New Grand are submitted herewith as Exhibits 4 and 5, respectively.

8.	Defendants accepted the produce from Plaintiff yet have failed to pay for it despite repeated demands.

9.	At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers (the "PACA Trust").

10.	The PACA Trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

11.	Plaintiff sent invoices to Defendants for each of the sales. Representative copies of the invoices to GPE and New Grand, which are voluminous, are attached as Exhibits 6 and 7, respectively.

12.	Plaintiff's invoices contain the following language required by 7 U.S.C. § 499e(c)(4) to preserve its rights under the PACA Trust:

> The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

13. Plaintiff preserved its interest in the PACA trust in the aggregate principal amount of $67,876.65.

14. Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the produce.

15. Under the PACA, Defendants are required to maintain the PACA trust so that the assets are freely available to pay the produce seller and to make full payment promptly.

16. Defendants failued and refused to pay Plaintiff, which demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

### Count 1
### (Failure to Pay Trust Funds – All Defendants)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. Defendants' failure to make payment to Plaintiff of PACA trust funds in the aggregate principal amount of $67,876.65 is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the PACA Trust by requiring immediate payment in the aggregate principal amount of $67,876.65 to Plaintiff.

### Count 2
### (Failure to Pay for Goods Sold – GPE)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendant GPE failed and refused to pay Plaintiff $24,969.65 owed to Plaintiff for produce received and purchased by Defendant GPE from Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant GPE in the amount of $24,969.65 plus interest and attorneys' fees.

### Count 3
### (Failure to Pay for Goods Sold – New Grand)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. Defendant New Grand failed and refused to pay Plaintiff $42,907.00 owed to Plaintiff for produce purchased and received by Defendant New Grand from Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant New Grand in the amount of $42,907.00, plus interest and attorneys' fees.

### Count 4
### (Breach of Contract – GPE)

23. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

24. Defendant GPE received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

25. Plaintiff's invoices to GPE constitute valid and enforceable agreements between the Parties.

26. GPE breached the agreements between the parties by failing to timely remit payment for the services provided by Plaintiff.

27. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

28. As a direct and proximate result of GPE's breach of contract, Plaintiff has suffered damages in the principal amount of $24,969.65, plus interest from the date each invoice became past due and attorneys' fees.

WHEREFORE, Plaintiff requests a judgment against GPE in the amount of $24,969.65.

### Count 5
### (Breach of Contract – New Grand)

29. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30. Defendant New Grand received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

31. Plaintiff's invoices to New Grand constitute valid and enforceable agreements between the Parties.

32. New Grand breached the agreements between the parties by failing to timely remit payment for the services provided by Plaintiff.

33. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

34. As a direct and proximate result of New Grand's breach of contract, Plaintiff has suffered damages in the principal amount of $42,907.00, plus interest from the date each invoice became past due and attorneys' fees.

WHEREFORE, Plaintiff requests a judgment against Defendant New Grand in the amount of $42,907.00.

## Count 6
### (Failure to Make Prompt Payment under the PACA – GPE and New Grand)

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

36. Defendants GPE and New Grand received each of the shipments referenced in Paragraph 7, above.

37. GPE and New Grand are required to promptly tender to Plaintiff full payment for the produce received in those shipments pursuant to PACA.

38. GPE and New Grand failed and refused to pay for the produce supplied by Plaintiff within the payment terms specified by 7 C.F.R. § 46.2(aa).

39. As a direct and proximate result of GPE's and New Grand's failure to pay promptly, Plaintiff has incurred damages in the aggregate principal amount of $67,876.65, plus interest from the date each invoice became past due, costs, and attorneys' fees.

WHEREFORE, Plaintiff requests an order enforcing the PACA's prompt payment requirements by requiring immediate payment of $67,876.65, plus interest, costs, and attorneys' fees.

## Count 7
### (Unlawful Dissipation of Trust Assets - Lee)

40. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 39 above as if fully set forth herein.

41. Defendant Lee was an owner, office, and/or director GPE and New Grand.

42. Defendant Lee had a statutory duty to preserve PACA trust assets and pay Plaintiff for the produce supplied.

43. Defendant Lee failed to preserve the PACA trust assets and pay Plaintiff.

44. Defendant Lee's failure to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets.

45. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Lee in the aggregate principal amount of $67,876.65, plus interest, costs, and attorneys' fees.

### Count 8
### (Unlawful Dissipation of Trust Assets - Kim)

46. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 45 above as if fully set forth herein.

47. Defendant Kim was an owner, operator, and/or director of GPE.

48. Defendant Kim had a statutory duty to preserve PACA trust assets and pay Plaintiff for the produce supplied.

49. Defendant Kim failed to preserve the PACA trust assets and pay Plaintiff.

50. Defendant Kim's failure to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets.

51. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Kim in the amount of $24,969.65, plus interest, costs, and attorneys' fees.

### Count 9
### (Guaranty - Lee)

52. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. On or about September 11, 2013, Lee executed a Guaranty in which Lee guaranteed payment of all amounts owed by Defendant New Grand to Plaintiff, including all costs, expenses and attorneys' fees incurred in attempting to collect the debt owed by New Grand. *See* <u>Exhibit 3</u>, Guarantees.

54. On or about January 16, 2018, Lee executed a Guaranty in which Lee guaranteed payment of all amounts owed by Defendant GPE to Plaintiff, including all costs, expenses and attorneys' fees incurred in attempting to collect the debt owed by GPE. *See* <u>Exhibit 3</u>, Guarantees.

55. Defendants GPE and New Grand owe Plaintiff the aggregate principal amount of $67,876.65 for produce sold to GPE and New Grand for which payment has not been made, plus interest, costs, and attorneys' fees incurred in attempting to collect amounts due to Plaintiff by GPE and New Grand.

56. In breach of the Guarantees, Defendant Lee has failed to pay Plaintiff for the amounts due and owing to Plaintiff by Defendant GPE and New Grand, causing Plaintiff damages in the aggregate amount of $67,876.65, plus interest, costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Lee for damages in the aggregate principal amount of $67,876.65 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

<u>**Count 10**</u>
**(Alter Ego – GPE and New Grand)**

57. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 56 above as if fully set forth herein.

58. Upon information and belief, Defendant Lee owns and operates GPE and New Grand.

59. Upon information and belief, proceeds from sales by GPE were used to pay debts of New Grand.

60. Upon information and belief, proceeds from sales by New Grand were to pay debts of GPE.

61. Upon information and belief, GPE and New Grand do not operate independently.

62. Upon information and belief, GPE and new Grand were inadequately capitalized.

WHEREFORE, Plaintiff respectfully requests an order finding that GPE and New Grand are alter-egos of each other.

## Count 11
### (Interest and Attorneys' Fees)

63. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 62 above as if fully set forth herein.

64. Plaintiff's invoices entitle it to interest at the rate of 1.5% (18% per annum) in the event of nonpayment.

65. Plaintiff's invoices entitle it to attorneys' fees and costs in the event of collection.

66. Interest, costs, and attorneys' fees are "sums owing in connection with" the sales under the PACA.

67. Plaintiff has been required to pay attorneys' fees and costs in order to bring this action, because of Defendants' continued failure to make payment for the produce and goods sold and delivered to Defendants by Plaintiff.

68. As a result, Plaintiff has lost the use of its money.

69. Defendants' continued failure to make full payment promptly for the produce sold and delivered to Defendants, entitles Plaintiff to recover interest, costs, and attorneys fees in enforcing the PACA trust and the invoices.

WHEREFORE, Plaintiff requests judgment against the Defendants for pre-judgment interest, costs, and attorneys' fees.

Respectfully submitted this 7th day of June, 2019.

McCARRON & DIESS

By: /s/ Blake A. Surbey
Blake A. Surbey, Bar # 89611
4530 Wisconsin Ave., N.W.
Suite 301
Washington, DC 20016
(202) 364-0400
(202) 364-2731 (fax)
bsurbey@mccarronlaw.com

*Counsel for Plaintiff Coastal Sunbelt Produce, LLC*